## Lepman & Heggie, Defendant in Error, v. The Wabash Railroad Company and The Missouri Pacific Railway Company, Defendants.

## Missouri Pacific Railway Company, Plaintiff in Error.

### Gen. No.'s 19,123, 19,124.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 2*—*who entitled to dismiss party defendant.* After the joinder of issue the plaintiff alone has power to dismiss a party defendant out of the case.

2. CARRIERS, § 30*—*when initial carrier cannot complain of joint action under Carmack amendment.* Where, in an action against both the initial and connecting carriers for damage to goods in transit, a dismissal was entered as to the latter, the former cannot complain of a judgment against it on the ground that under the Carmack amendment to the Interstate Commerce Act

584    APPELLATE COURTS OF ILLINOIS.

Lepman & Heggie v. The Wabash R. Co. et al., 185 Ill. App. 583.

the action lies against the initial carrier alone, and that plaintiff, having elected to pursue both carriers jointly, was bound to establish joint liability, since on the dismissal of the connecting carrier the action stood as though based on a claim of single liability.

3. CARRIERS, § 30*—*effect of Carmack amendment.* Since the Carmack amendment, a carrier undertaking the carriage of an interstate shipment cannot limit its liability to its own line but is liable for loss or damage occurring anywhere en route.

4. CARRIERS, § 30*—*when initial carrier cannot complain of dismissal of connecting carrier in action under Carmack amendment.* Where, in an action against both the initial and connecting carriers for damages to goods in transit, a dismissal was entered against the latter, the former cannot complain of a judgment against it on the ground that plaintiff had elected to pursue both defendants jointly and hence it could not be held liable under the Carmack amendment, where it made no claim of surprise, but instead took issue on allegations warranting proof of liability under that amendment and introduced no evidence in defense.

5. CARRIERS, § 30*—*effect of Carmack amendment on burden of proof.* In an action under the Carmack amendment for damage to an interstate shipment, principles governing the burden of proving on what line the damage occurred are inapplicable.

6. CARRIERS, § 137*—*what creates presumption of injury during transit.* Where the consignee of goods refused to accept the same from the connecting carrier on finding them damaged in part, because of the refusal of the carrier to deliver until a receipt reciting the property was received in good order was signed by the consignee, in an action against the initial carrier under the Carmack amendment the latter cannot complain that the act of the connecting carrier constituted a conversion for which it was not liable, since proof that the goods were in a damaged condition on arrival was sufficient to justify the presumption that they were damaged en route.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 31, 1914.

JEFFERY & CAMPBELL, for plaintiff in error; HERBERT J. CAMPBELL, of counsel.

FRANK SCHOENFELD, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Two suits are here involved brought by defendant in error, as consignee and holder of two bills of lading, against the plaintiff in error, the initial carrier, that issued said bills, and the Wabash Railroad Company, the delivering carrier, for damages to eggs in transit on account of negligence of said carriers, and conversion of the damaged eggs to their own use. The two cases are consolidated for hearing, being alike in all matters essential to the consideration of the questions involved. The shipments were from Kansas City, Mo. to Chicago, Ill. As we view it, the record merely calls for consideration of the liability of plaintiff in error as the initial carrier for damages to the goods in transit received for transportation from a point in one State to a point in another.

The case was heard by the court without a jury and a finding of liability was made against both defendants. After "both sides" had rested, as stated in its motion, the Missouri Pacific Railway Company moved "to dismiss the cause of action" against it. Of course, after issue joined, plaintiff alone has the power to dismiss a party defendant out of the case. Presumably, the motion was intended and treated as one for a directed finding. At any rate, it was denied and said finding was entered. Each defendant then made a motion to vacate the finding against it. That of the Missouri Pacific Railway Company was denied, and that of the Wabash Railroad Company sustained. The record then shows an order dismissing the suit as to the latter, presumably, in the absence of a recital to the contrary, on plaintiff's motion. A motion then made by the former in arrest of judgment was denied and judgment was entered against it on the finding as modified.

The main contention is that even though the proof would support a claim of liability against plaintiff in error under the so-called Carmack Amendment of June 29, 1906, to the Interstate Commerce Act (34 Stat. at Large, p. 584, ch. 3591; U. S. Comp. Stat.

Supp. 1909, p. 1149), yet a suit to recover under said act lies against the initial carier alone, and when plaintiff elected to proceed against defendants jointly, it took the burden of establishing joint liability and failed to do so. The theory is that the liability of the initial carrier under said Carmack amendment is that of principal for the negligence of its own agents, and that a judgment cannot be sustained against principal and agent jointly where the grounds of their liability are different. Assuming the theory to be correct and applicable to this case, yet as the action was for tort, dismissal as to one joint defendant would not of itself prevent judgment against the other.

Since the Carmack amendment, a carrier undertaking the carriage of an interstate shipment cannot limit its liability to its own line but is liable for loss or damage occurring anywhere en route. The allegations in the statement of claim, on which plaintiff in error took issue, were sufficient to raise the question of such liability, and the proof was sufficient to sustain them. It was not questioned at the trial that plaintiff in error issued the bills of lading, that defendant in error was the consignee and holder thereof, that the shipments were interstate, that the goods were found in a damaged condition in the hands of the delivering carrier on their arrival, and that there were damages to the amount assessed. The essential questions of fact were not controverted. The claim is that because joint liability was charged, plaintiff in error had no notice of a purpose to claim single liability under the Carmack amendment. In other words, it is the form of the action rather than the merits of the case that is questioned. Had the action been brought against the initial carrier alone, it would hardly be questioned that the statement of claim would have been sufficient to apprise plaintiff in error of its nature, and present the issue of its liability as an initial carrier under the Federal statutes. But when the joint defendant was dismissed out of the case, the ac-

tion then stood as if it had been commenced against plaintiff in error alone. If, at that time, plaintiff in error had evinced surprise and sought to make defense against single liability and was denied opportunity to do so, another question might arise, but the record presents no such question. Plaintiff in error had an opportunity to introduce evidence but rested its case without doing so. It took issue on allegations warranting proof that established liability under the Carmack amendment, and, failing to introduce any evidence to the contrary, or ask leave to do so, it is in no position to complain of the judgment. The record, therefore, presents not a question as to the merits of the case, but one of practice in which it does not appear plaintiff in error was denied any substantial right.

This being a case where plaintiff in error received goods for transportation from one State to another, the questions argued as to the burden of proving on what line the damages occurred do not arise for consideration.

It appears that after an agent for defendant in error had examined the contents of the cars on their arrival in Chicago and found several cases of eggs were damaged, he refused to accept the damaged cases under the condition imposed by the Wabash Railroad Company, namely, that he must sign a receipt for the same with the recital therein stating that the property was received by defendant in error in good order. It is contended that this was an act of conversion of said property by the latter company, and not an act of a common carrier, but one for which said company was responsible after the relation of carrier had terminated, and for which plaintiff in error could not be held liable. As before stated, the eggs were found in a damaged condition on their arrival. The proof is sufficient to justify the presumption that they were damaged en route. We need not, therefore, consider the question of liability of plaintiff in error for alleged

conversion, as the proof was sufficient to sustain that for damages to the goods in transit.

Other questions argued are not pertinent if, as we hold, the judgment can properly rest upon proof of liability under the Carmack amendment. If, as a matter of fact, the negligence complained of occurred on the Wabash line, there is nothing in the state of the record that precludes plaintiff in error from asserting its right of action against the Wabash Company for whatever amount it may be required to pay for such loss. The judgment in both cases will be affirmed.

*Affirmed.*